<p align="center" style="color:red">CORRECTED</p>

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-491V

|  |  |
|---|---|
| MICHAEL KOLDOBSKIY, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 28, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Diana Lynn Stadelnikas, Mctlaw, Sarasota, FL,* for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 1, 2024, Michael Koldobskiy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine administered on November 3, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 14, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On March 19, 2025, Respondent filed a proffer on award of compensation indicating Petitioner should be awarded $60,000.00 for pain and suffering. Respondent's Proffer on Award of Compensation ("Proffer") at 4-5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $60,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAEL KOLDOBSKIY, | |
| Petitioner, | No. 24-491V |
| | Chief Special Master Corcoran |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 1, 2024, Michael Koldobskiy ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza vaccination received on November 3, 2022.[1]  ECF No. 1.  On October 24, 2024, respondent filed his Vaccine Rule 4(c) report, conceding that petitioner suffered SIRVA as defined by the Vaccine Injury Table.  ECF No. 16. On November 14, 2024, the Court issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury.  ECF No. 18.

### I.    Items of Compensation

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering

---

[1] On November 3, 2022, petitioner also received a COVID-19 vaccine.  Vaccines against COVID-19 are not contained in the Vaccine Injury Table.  *See* 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a).  Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e), claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP").  *See* 85 Fed. Reg. 15198, 15202 (March 17, 2020).

damages.  *See* 42 U.S.C. § 300aa-15(a)(4).  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[2]

**II.      Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment[3,4] award the following: A lump sum payment of $60,000.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Michael Koldobskiy.  Petitioner agrees.

**III.     Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Michael Koldobskiy:       **$60,000.00**

---

[2] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[4] The entry of judgment awarding the compensation described herein and in a Decision of the Chief Special Master, resolves any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or hereafter could be timely brought against the United States and the Secretary of Health and Human Services in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., (a) on account of, or in any way growing out of any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner that resulted from, or that may be alleged to have resulted from, the vaccinations identified herein, and (b) that petitioner has had, now has, or hereafter may have with respect to the injury that gave rise to the petition for vaccine compensation filed in the United States Court of Federal Claims as petition No. 24-491V.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

s/*Sarah Black Rifkin*
SARAH BLACK RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Email: Sarah.Rifkin@usdoj.gov

Dated:    March 19, 2025